UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David J. Kral, | Civil No. 15-3444 (DWF/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Bruce Reiser, in his individual capacity; Warden Eddie Miles, in his official capacity; Minnesota Department of Corrections; and Contracted Medical Providers H.C.M.C.,[1] | |
| Defendants. | |

David J. Kral, *pro se*, for Plaintiff.
Jacob Kraus for Defendants Warden Bruce Reiser, Warden Eddie Miles, and Minnesota Department of Corrections.
Henry Parkhurst for Defendant Contracted Medical Providers HCMC.
Anthony Novak and Mark Solheim for Dr. Nelson.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Court's May 16, 2016 Order (ECF No. 65); Plaintiff David J. Kral's motion to compel (ECF No. 5); Defendant Nelson's motion to dismiss (ECF No. 30); Defendants Minnesota Department of Corrections, Bruce Reiser, and Eddie Miles's (collectively "State Defendants") motion to dismiss (ECF No. 41); and Defendants Contracted Medical Providers H.C.M.C.'s ("HCMC") motion for summary judgment (ECF No. 54). This matter was referred to the undersigned for a Report and

---

[1] Defendant Warden Bruce Reiser (the case caption naming Joseph Reiser is a typographical error) is now an Assistant Commissioner of the Minnesota Department of Corrections, and Eddie Miles is the Warden of the Minnesota Correctional Facility – Faribault. Warden Miles is automatically substituted as a defendant for Reiser in his official capacity. Reiser remains a defendant in his individual capacity. *See* Ltr., ECF No. 39; Fed. R. Civ. P. 25(d).

Recommendation pursuant to 28 U.S.C. § 636. For the reasons set forth below, the Court recommends that Plaintiff David J. Kral's Complaint be **DISMISSED without prejudice** for failure to prosecute and the collective motions (ECF Nos. 5, 30, 41, 54) be **DENIED without prejudice**.

## I. BACKGROUND

Kral filed his Complaint on August 28, 2015, alleging that Defendants violated his rights under the Americans with Disabilities Act and 42 U.S.C. § 1983. *See generally* Compl., ECF No. 1. He also accused Defendants of medical negligence. *Id.* Kral filed a motion to appoint counsel on September 10, 2015 (ECF No. 4), and the Court referred him to the FBA *Pro Se* Project. *See* Order, ECF No. 19. The *Pro Se* Project Coordinator, Tiffany Sanders, put Kral in contact with attorneys that provided him with general opinions and advice, but none of them were able to represent him. ECF No. 18. Sanders then forwarded the Court an email correspondence from one of these attorneys, indicating that Kral no longer wished to proceed with the case. ECF No. 63. Sanders thereafter confirmed this intention with Kral directly. *Id.* On May 16, 2016, this Court directed Kral to file an objection within forty-five days if he did not, in fact, want his case to be dismissed. *See* Order, ECF No. 65. Kral filed a document on June 15, 2016 indicating his intention that the case go forward:

> in responds to the courts ored issed a few weeks ago about replyin to the court order for a responds or my case would be dismissed if If i didnt respond. david kral v. resner and all defedants will not be dismissed.
>
> all thier fillings are frolous todate. Imstill going through medic al examinations all which my nurosurgen will conclud damages if very difficult to even type this responds out effectly.
>
> i have been living in hospitals since my release last january. The damags speak for theirself becaus they were not dalt with immedatly [sic]

Pl.'s Reply, ECF No. 66.

On January 13, 2016, Defendant Nelson filed a motion to dismiss Kral's Complaint. Mot.

to Dismiss, ECF No. 30. On January 28, 2016, the State Defendants filed a motion to dismiss Kral's Complaint. Mot. to Dismiss, ECF No. 41. On February 23, 2016, Defendants HCMC filed a motion for summary judgment. Mot. for Summ. J., ECF No. 54. Kral has not filed a response to any of these three pending motions.

## II. DISCUSSION

Pursuant to Local Rule 7.1(c)(2), "Within 21 days after filing of a dispositive motion and its supporting documents under LR 7.1(c)(1), the responding party must file and serve the following documents: (A) memorandum of law; and (B) any affidavits and exhibits." LR. 7.1. Kral's responses to Defendants' collective motions are long overdue. *Id.* Kral has not requested an extension of time to respond from the Court. Defendants' motions are, for all intents and purposes, unopposed.

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Federal Rule of Civil Procedure 41(b) additionally provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. *Unless the dismissal order states otherwise*, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) (emphasis added). The Supreme Court confirmed in *Link* that under Rule 41(b), a court may dismiss an action sua sponte for failure to prosecute so long as it is within the reasonable bounds of the court's discretion. 370 U.S. at 630–33. In *Link*, the Court affirmed dismissal of the case where the plaintiff evidenced signs of delay, including his failure to attend a pretrial

conference. *Id.* at 635–36. In this case, Kral has failed to respond to numerous dispositive motions filed by Defendants.

The Court takes notice of Kral's medical history and tribulations, which indeed form the basis of this lawsuit. *See generally* ECF No. 1. Although Kral has notified the Court that he wants to be able to go forward with the case, ECF No. 66, it is clear that Kral's need for medical attention and current extended period of hospitalization prevents him from being able to prosecute the case effectively. Therefore, the Court recommends that the case be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Court also recommends, pursuant to its recommendation for dismissal, that the parties' collective motions (ECF Nos. 5, 30, 41, 54) be denied without prejudice.

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Kral's Complaint be **DISMISSED without prejudice**.

2. Kral's motion to compel (ECF No. 5) be **DENIED without prejudice**.

3. Nelson's motion to dismiss (ECF No. 30) be **DENIED without prejudice**.

4. State Defendants' motion to dismiss (ECF No. 41) be **DENIED without prejudice**.

5. HCMC's motion for summary judgment (ECF No. 54) be **DENIED without prejudice**.

DATED: June 24, 2016               *s/Franklin L. Noel*
                                   FRANKLIN L. NOEL
                                   United States Magistrate Judge

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.